UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYE HYOUNG KIM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HYUN SOOK LEE, et al.,<br><br>　　　　　Defendants. | Case No.16-cv-05458-EDL<br><br>**PRETRIAL ORDER REGARDING TRIAL PROCEDURES, MOTIONS IN LIMINE, AND EXHIBIT OBJECTIONS**<br><br>Re: Dkt. Nos. 60, 62, 64, 74 |

The parties appeared before the Court for a pretrial conference on May 29, 2018. This order memorializes the rulings the Court made during the conference for the reasons stated on the record and for the additional reasons discussed below:

(1) <u>Trial Schedule</u>: Trial will begin on Monday June 25, 2018 at 9:00 a.m. Each day of trial will start at 9:00 a.m. with the exception of Tuesday June 26, 2018 when trial will begin at 11:15 a.m. The parties should expect each day to last until approximately 4:00 p.m. Each side is limited to a total of 13 hours. The Court does not expect the trial to take longer than 5 days.

(2) <u>Plaintiff's Unopposed Motion for Trial Accommodations</u>: The Court grants the following accommodations for Plaintiff, and her counsel shall coordinate with the Court's courtroom deputy to finalize logistics with the appropriate court staff:

　　a) Throughout the trial, Plaintiff may wear a hat or other head covering of her choosing.

　　b) During Plaintiff's testimony, Defendant Lee and Defendants' witnesses shall not be present in the courtroom. The Court will make arrangements for Defendant Lee and Defendants' witnesses to view Plaintiff's testimony through simultaneous closed circuit television in a separate location in the courthouse. Defendant Lee may communicate electronically with her attorney(s) in the courtroom. The Court

will take a short recess before Plaintiff's cross examination to permit defense Counsel to confer with Defendant Lee.

    c) If Plaintiff finds it necessary, she may submit some or all of her direct examination in writing. She will be required, however, to appear in person for her cross examination.

    d) During all other trial proceedings aside from Plaintiff's testimony, Plaintiff may observe proceedings from a separate location in the courthouse with counsel through real time transmission of the court reporter's transcription. The court shall cover the expense associated with providing the court reporter's real time feed. The counsel accompanying Plaintiff may communicate electronically with Plaintiff's attorneys in the courtroom. The Court will take a short recess, if requested by Plaintiff's counsel, before the close of cross examination of any witness, although counsel is asked to limit such requests to the extent possible in order to minimize disruption to trial.

    e) Plaintiff's request to seal the courtroom during her testimony is deferred. If she seeks to pursue this request further, Plaintiff must file a supplemental brief by June 4, 2018 discussing the applicable authorities, including <u>San Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose)</u>, 187 F.3d 1096 (9th Cir. 1999), and why sealing the courtroom is appropriate under these circumstances. As the request is unopposed, Defendants are not required to file a response. The Court will issue a ruling on the request after considering Plaintiff's supplemental brief, if any.

    (3) <u>Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Immigration Status</u>: Defendants seek to elicit evidence at trial about Plaintiff's immigration status, arguing that the issue goes to Plaintiff's ability to mitigate her damages. California law is clear that immigration status is not relevant to Plaintiff's claim under the Fair Employment and Housing Act ("FEHA"). <u>See</u> Cal. Gov't Code § 7285(b); Cal. Civ. Code § 3339(b). Whether Plaintiff's immigration status is relevant under federal law on her Title VII claim is less settled, as the Ninth Circuit has not

revisited the issue since it was discussed but not resolved in <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057 (9th Cir. 2004).

The Court will defer a ruling on the admissibility of evidence regarding Plaintiff's immigration status until the parties meet and confer further about whether the trial will proceed on both the Title VII and FEHA claims or on the FEHA claims only.  The parties shall update the Court on any agreement to streamline the claims at least five days before trial is scheduled to begin.

(4)  <u>Plaintiff's Motion in Limine on the Spoliation of Evidence</u>:  Plaintiff moved the Court to impose sanctions against Defendants for willfully destroying material evidence on the issues that remain for trial.  Specifically, Plaintiff asked the Court to enter an order establishing the following trial issues in Plaintiff's favor: (1) that Defendants had 15 or more employees for twenty weeks in 2007 and/or 2008; and (2) that Jinwoo Park was a manager and/or supervisor within the meaning of Title VII and the FEHA.  In the alternative, Plaintiff asked the Court to draw an adverse inference that the destroyed documents would have shown that the Defendants employed the necessary number of employees to subject themselves to Title VII and that Mr. Park was a supervisor and/or manager of Fuji Restaurant.

During the pretrial conference, Defendants stipulated on the record that they employed 15 or more employees during the relevant period, thereby admitting that they were subject to Title VII in 2007 and 2008.  Accordingly, the motion is moot as to that issue.

As to the issue of Mr. Park's status as a supervisor and/or manager of Fuji Restaurant, the fact that Defendants' business records were destroyed is not in dispute and the Court has previously ruled and confirms now that Defendants were on notice since Plaintiff filed her charge with the Equal Employment Opportunity Commission in late 2008 that this litigation was reasonably likely.   However, the Court finds that Plaintiff has not put forward sufficient evidence at this time that the documents that were destroyed contained information that bears on this issue such that a spoliation sanction is warranted.  Plaintiff speculates that the destroyed records contained Mr. Park's employee application, pay stubs, and other documents showing his employee status. Defendants respond that not only was their recordkeeping system for employees less than

robust and such documents may not have been obtained or kept for its employees, but that, in any event, these documents simply did not exist for Mr. Park at any time. On the evidence brought to its attention to date, the Court cannot conclude that the destroyed evidence more likely than not contained the type of documents Plaintiff references. Thus, the Court defers a final ruling on whether it will impose a spoliation sanction for Defendants' destruction of records regarding Mr. Park's alleged position as a supervisor and/or manager until after considering more evidence on this issue.

(5) Plaintiff's Objections to Defendants' Exhibits: Defendants have designated two exhibits for trial: (1) Exhibit 750, which is comprised of photos of a labor law poster at Fuji Restaurant, and (2) Exhibit 751, which is an invoice dated December 6, 2016 from Alliance Partners, LLC. Plaintiff objects to both exhibits as irrelevant and also that Exhibit 750 is illegible and she cannot confirm whether Defendants produced the document in discovery. The Court defers ruling on the admissibility of these two exhibits at this time, but notes that both documents appear to be of limited relevance to the issues that remain for trial. The parties are ordered to meet and confer about Plaintiff's objections and inform the Court prior to or at the beginning of trial whether they have resolved the objections. If Defendants still intend to offer the exhibits at trial, they must re-submit two copies of each exhibit to the Court's chambers that are pre-marked as exhibits, as required by the Court's standing case management order.

(6) Remedies: If Plaintiff intends to pursue injunctive relief, she must inform the Court of her intention to do so and provide a short brief discussing the relevant authority that permits injunctive relief under the circumstances of this case. Plaintiff must file her brief by no later than June 4, 2018. Defendants may respond by June 8, 2018 or inform the Court by June 5, 2018 that they do not intend to file any response.

(7) Demonstratives: To the extent either party intends to use demonstratives at trial, they must be exchanged with the other side at least five days before trial begins.

(8) Translators: The parties must provide their own competent translators as needed.

\\

\\

**IT IS SO ORDERED.**

Dated: May 31, 2018

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge